**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____26-mj-8246-RMM_____

**UNITED STATES OF AMERICA**

**v.**

**JUSTIN VAZQUEZ RIVERA,**

FILED BY_____MEE_____D.C.

Apr 1, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

_____**Defendant.**_____ /

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4.  4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____

DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.      0592501
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     (561) 820-8711
Fax:     (561) 820-8777
Email:  daniel.funk@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  26-mj-8246-RMM |
| JUSTIN VAZQUEZ RIVERA, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY_____ *MEE* ____D.C.

*Apr 1, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of on and between June 18, 2025 and July 1, 2025 in the county of _____ Palm Beach _____ in the

_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 | Conspiracy to distribute a controlled substance (500 grams or more of a mixture or substance containing a detectable amount of cocaine) |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Andrea P. Boone*
*Complainant's signature*

ANDREA P. BOONE, DEA Special Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: _____ 4/1/26 _____

*Judge's signature*

City and state: _____ West Palm Beach, FL _____

RYON M. MCCABE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrea P. Boone, being duly sworn do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with Drug Enforcement Administration (DEA) and have served in that capacity since January 2018. During my career in law enforcement, I have acquired work experience and specialized training in narcotics related investigations, including drug trafficking, clandestine narcotics manufacturing, narcotics importation, narcotics transportation, Title-III intercepts, electronic surveillance, use of telecommunications as a means to facilitate criminal activity and conspiracy to commit illicit drug related crimes.  During these investigations, I have participated in the execution of search warrants, and debriefed or participated in debriefings of defendants, informants, and witnesses who had personal knowledge regarding drug trafficking organizations.  The aforementioned investigations resulted in the arrest and prosecution of numerous individuals for narcotics violations under both state and federal law.

2.      This affidavit is made in support of Criminal Complaints and Arrest Warrants charging Justin VAZQUEZ RIVERA and Daiker SAAVEDRA VIERA with conspiracy to distribute a controlled substance (500 grams or more of a mixture or substance containing a detectable amount of cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. The limited purpose of this affidavit is to establish probable cause for the offenses described above. Accordingly, this affidavit does not set forth every fact that is known to me, or other law enforcement officers.

1

**PROBABLE CAUSE**

4.      Federal law enforcement agents are investigating a drug trafficking organization (DTO) which includes at least Daiker SAAVEDRA VIERA (hereinafter "SAAVEDRA") and Justin VAZQUEZ RIVERA (hereinafter "JUSTIN VAZQUEZ).

5.      During this investigation, agents confirmed SAAVEDRA was the user of a cellular phone using the number ending 0058 (hereinafter TARGET TELEPHONE 1) and JUSTIN VAZQUEZ was the user of a cellular telephone using the number ending 1037 (hereinafter TARGET TELEPHONE 2). On multiple occasions, agents conducted surveillance of SAAVEDRA and JUSTIN VAZQUEZ in conjunction with using geo-location data for their TARGET TELEPHONES and observed SAAVEDRA and JUSTIN VAZQUEZ in the same area where geo-location data showed the TARGET TELEPHONES. Additionally, SAAVEDRA and JUSTIN VAZQUEZ were recognized by agents during video calls between an undercover law enforcement officer and SAAVEDERA using TARGET TELEPHONE 1, and JUSTIN VAZQUEZ using TARGET TELEPHONE 2.

6.      In early July 2025, SAAVEDRA and JUSTIN VAZQUEZ conducted a kilogram cocaine transaction with two Palm Beach County Sherriff's Office narcotics agents (hereinafter "UC" and "UC2"). JUSTIN VAZQUEZ delivered a kilogram of cocaine to the UC in Puerto Rico, while SAAVEDRA collected the drug money from UC2 in West Palm Beach, Florida. This drug transaction was coordinated by SAAVEDRA using TARGET TELEPHONE 1 and JUSTIN VAZQUEZ using TARGET TELEPHONE 2. The substance of their communications are described in the narrative below:[1]

---

[1] The narratives described throughout this affidavit detail the drug transaction and communications between SAAVEDRA and JUSTIN VAZQUEZ with the UC. These communications were voice calls which addressed the quantity and price for bulk sums of cocaine purchased in Puerto Rico and elsewhere. The UC, a native Spanish speaker, provided English summaries of these communications.

2

7.      On June 18, 2025, SAAVEDRA met with the UC at the El Bodegon supermarket located at 4704 Forest Hill Blvd., West Palm Beach, Florida. During the meeting, SAAVEDRA used one of his cellular phones, an iPhone, to speak with the cocaine source of supply over a video call. The UC's audio/video recording device captured the audio and some of the video conversation. Agents recognized the source of supply observed on the video call to be JUSTIN VAZQUEZ based on his Florida Driver's License photo[2].

8.      During the video call, SAAVEDRA told JUSTIN VAZQUEZ that he would have to be in Puerto Rico to meet the UC and that the UC's partner, UC2, would deliver the money to another DTO member in the United States. JUSTIN VAZQUEZ agreed to the terms of the transaction. Following the call, SAAVEDRA joined the UC in the UC's vehicle, where he met UC2 and a third undercover, UC3. Immediately after entering the UC's vehicle, SAAVEDRA uttered that he had the "green light" to conduct the transaction with the UC in Puerto Rico. SAAVEDRA explained to the UC's that he was going to rent a vehicle and pick up the cocaine in Puerto Rico and deliver it to the UC's hotel. SAAVEDRA determined that UC would deliver the money ($60,000) for the cocaine transaction to "the house by the dogs," which is how SAAVEDRA referred to the house at 1315 Marlene Court, West Palm Beach, Florida.

9.      Over the following days, the UC communicated with SAAVEDRA using TARGET TELEPHONE 1 regarding the anticipated cocaine transaction with JUSTIN VAZQUEZ in Puerto Rico. During these communications, SAAVEDRA advised that he was no longer going to travel to Puerto Rico. Instead, the UC would meet with JUSTIN VAZQUEZ in Puerto Rico and SAAVEDRA would collect the money in the United States.

---

[2] Toll data showed communication with SAAVEDRA's TARGET TELEPHONE 1 during the timeframe of the video call.

3

10. On the morning of July 1, 2025, over a series of calls between the UC's and SAAVEDRA using TARGET TELEPHONE 1 and JUSTIN VAZQUEZ using TARGET TELEPHONE 2 it was determined that the UC would receive a kilogram of cocaine from JUSTIN VAZQUEZ at the Sheraton Resort and Casio located at 200 Convention Center Blvd, San Juan, Puerto Rico, as UC2 simultaneously paid $12,000 to SAAVEDRA at the El Bodegon market located at 4704 Forest Hill Blvd, West Palm Beach, Florida.

11. That afternoon, agents conducting physical and electronic surveillance of JUSTIN VAZQUEZ in Mayaguez, Puerto Rico, observed him travel from an apartment at Bo Quebrada Grande, Carr 348 KM 1.0, Mayaguez, over two hours away, to the Sheraton Resort in San Juan, Puerto Rico. Meanwhile, SAAVEDRA using TARGET TELEPHONE 1 continued communications with the UC, UC2 and JUSTIN VAZQUEZ using TARGET TELEPHONE 2 to confirm the location and timeframe of JUSTIN VAZQUEZ's arrival to deliver the cocaine to the UC and the timeframe and location for UC2's delivery of money to SAAVEDRA. Ultimately, JUSTIN VAZQUEZ arrived at the Sheraton Resort accompanied by another Hispanic male, and delivered the kilogram of cocaine to the UC outside the hotel. Meanwhile, UC2 paid $12,000 to SAAVEDRA at the El Bodegon market in West Palm Beach, Florida.

12. Later that evening, SAAVEDRA using TARGET TELEPHONE 1, spoke to the UC to confirm that drug transaction went as planned and that they would conduct larger drug deals in the future.

13. The kilogram was later weighed at the USPIS San Juan, Puerto Rico, office and determined to be a total weight of 1,174 grams. A field test was conducted and indicated a positive result for the presence of cocaine.

## CONCLUSION

Based on the facts and information set forth in this affidavit, your affiant respectfully submits that there is probable cause to believe Justin VAZQUEZ RIVERA and Daiker SAAVEDRA VIERA committed the criminal offense of conspiracy to distribute a controlled substance (500 grams or more of a mixture or substance containing a detectable amount of cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846.

_Andrea P. Boone_
_____
ANDREA P. BOONE
Special Agent
Drug Enforcement Administration

Sworn and attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this ___ day of April 2026.

_____
RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JUSTIN VAZQUEZ RIVERA

**Case No:** 26-mj-8246-RMM

**Count 1:**

Conspiracy to distribute a controlled substance (500 grams or more of a mixture or substance containing a detectable amount of cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846

* **Max. Term of Imprisonment: 40 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 4 years up to life**
* **Max. Fine: $5,000,000**
* **Special Assessment: $100**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**